UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br>    Plaintiff,<br> v.<br>VALDEZ, et al.,<br>    Defendants. | Case No. 22-cv-04627-HSG<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 2 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. Dkt. No. 2. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at

some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

## A.     Prior Denials of *In Forma Pauperis* Status

Plaintiff is a frequent litigant. Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.*, C No. 17-cv-00084-AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB. He has filed at least twelve cases in the Northern District, including the instant action. *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; *Cruz v. Ortiz*, C No. 20-cv-00176; *Cruz v. Chandler*, C No. 20-cv-3421; *Cruz v. Bedusa*, C No. 22-cv-00670; *Trujillo Cruz v. Etzel*, C No. 22-3742; *Cruz v. Simpson*, C No. 22-4898; *Trujillo Cruz v. Calderon*, C No. 22-5556; and *Trujillo Cruz v. Davis*, C No. 22-6219. In *Gutierrez*, *Kumbat*, *Pierston*, *Ford*, *Ortiz*, *Chandler*, and *Bedusa*, the Court denied him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), finding that Plaintiff had at least three cases dismissed that counted as "strikes"[1] and had not demonstrated that he qualified for the imminent danger exception. *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020)

---

[1] The Court found that the following cases counted as strikes: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

(revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022). Because Plaintiff has suffered at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the complaint.

**B.     Complaint**

The complaint names as defendants PBSP property officer Valdez, PBSP floater staff Chapa, and PBSP landing floor officer Declue.

The complaint makes the following allegations.

On or about January 3, 2022, defendant Valdez stopped in front of Plaintiff's cell and threatened to beat and stab him. Defendant Valdez was retaliating against Plaintiff for the grievances that Plaintiff had filed against defendant Valdez and her co-workers: Grievances Nos. 208845, 196802, and 178575. On or about January 5, 2022, defendant Chapa stopped in front of Plaintiff's cell and threatened to beat, stab and assault him, in retaliation for the grievances that Plaintiff has filed against her co-workers since he arrived at PBSP in 2016. On January 7-8, 2022, defendant Declue threatened to beat, stab and assault Plaintiff, in retaliation for the grievances that Plaintiff has filed against her co-workers since he arrived at PBSP in 2016. Since that date, all Defendants have threatened Plaintiff daily every time they are in Facility B. Defendant Valdez's new tactics involve using "anonymous resources" to do her dirty work. On May 27, 2022, Defendants had Plaintiff assaulted.

The complaint makes the following legal claims. On May 27, 2022, Defendants used excessive force and acted maliciously and sadistically by having Plaintiff assaulted by anonymous resources, in violation of the Eighth Amendment. Defendants violated the First Amendment by

3

1  making verbal threats against him in retaliation for his exercise of his First Amendment rights to
2  access the prison grievance system.
3        Plaintiff has attached the following exhibits to his complaint. He has attached an RVR
4  indicating that, on May 27, 2022, Plaintiff was involved in an altercation with inmates Robles and
5  Lopez. PBSP officer Simpson witnessed Plaintiff held against the wall by inmates Robles and
6  Lopez. Plaintiff was charged with fighting as a result of this incident. Plaintiff has also attached
7  copies of Grievance Nos. 196802, 208845, 178575, and 19-02648. Grievance No. 196802, which
8  was received by the Appeals Office on December 10, 2021, alleges that, on November 23, 2021,
9  PBSP officers E. Ochoa, M. Ochoa, and Lewis, and LVN Teresa used anonymous resources to
10 cause Plaintiff to engage in a physical altercation so that Plaintiff would be assaulted and beaten
11 and moved off the yard. Grievance No. 208845, which was received by the Appeals Office on
12 January 11, 2022, raises the allegations in this case. Grievance No. 178575, which was submitted
13 on October 18, 2021, alleges that since Plaintiff arrived at Facility B, PBSP officers Davis, Lopez,
14 Johnson, Etzel, Thomas and Austen have threatened to assault him or get him involved in a
15 physical altercation. Grievance No. 19-2648 alleges that, on November 1, 2019, PBSP officer
16 Nuno started rumors that Petitioner was touching his genitals and that PBSP officers Nuno, Kreth,
17 and Calderon threatened him with physical violence by ordering that Plaintiff be assaulted and
18 stabbed. *See generally* Dkt. No. 1 at 9-56.

19 **C.**     **Allegation of Imminent Danger**

20       Plaintiff has filed a separate pleading alleging that he is entitled to the "imminent danger"
21 exception for the following reasons. First, Plaintiff alleges that since he returned to PBSP in
22 November 2021 from out-to-court proceedings and was housed on A Yard, PBSP officers E.
23 Ochoa, M. Ochoa, and Lewis and LVN Teresa have (1) verbally threatened him with violence
24 daily until he was transferred to Facility B; and (2) constantly encouraged violence towards
25 Plaintiff by using "anonymous resources" to prod Plaintiff into getting into a physical altercation
26 by having inmates bang loudly on metal surfaces and create a racket. Second, Plaintiff alleges that
27 from January 5-8, 2022, Defendants have threatened "'battery' in 'retaliation' and 'vengence' (sic)
28 towards [Plaintiff] for the same exact reason's (sic) reporting complaint's (sic), grievances, and

1  lawsuit's (sic)." Third, Plaintiff alleges that on May 27, 2022, Defendants had Plaintiff attacked
2  by inmates. *See generally* Dkt. No. 3.

**D.  Analysis**

Neither the allegations in the complaint or in Dkt. No. 3 support a plausible inference that Plaintiff faced imminent danger of serious physical injury from Defendants on August 1, 2022, the date Plaintiff provided the complaint to prison authorities for mailing, Dkt. No. 1-2 at 3. There is no plausible allegation that the threats by Defendants or other officers resulted in physical injury to Plaintiff, much less placed Plaintiff in imminent danger of physical harm on August 1, 2022. Plaintiff offers no evidence that Defendants caused the May 27, 2022 assault beyond his conclusory and vague statement of anonymous resources. Even if Defendants are linked to the assault,[2] there are no allegations from which it can be reasonably inferred that another assault was imminent on August 1, 2022, two months after the May 2022 assault. Plaintiff's claims that Defendants were motivated by retaliation are also unsupported by the record. Only two of the grievances referenced were filed prior to the alleged threats in January 2022. Neither of these grievances referenced or involved Defendants, so it is unclear that Defendants knew of these grievances and that Defendants would seek to retaliate for these grievances.

Plaintiff's claim of imminent danger of serious physical injury from Defendants at the time he filed the complaint is fanciful and speculative. *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful"). Accordingly, within **twenty-eight (28) days** of the

---

[2] Plaintiff's allegation that Defendants ordered the May 27, 2022 attack is suspect. In his other recently-filed lawsuits, Plaintiff identifies different prison officials as responsible for this attack and always makes these allegations for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). In other words, Plaintiff appears to use the May 27, 2022 assault to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) by claiming that the defendant(s) named in the lawsuit ordered the assault, even though the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to the named defendant(s). For example, in C No. 22-0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27, 2022 attack; in C No. 22-cv-4898 HSG, *Cruz v. Simpson*, Plaintiff alleges that PBSP correctional officer Simpson ordered the May 27, 2022 attack; and in C No. 22-cv-5556 HSG, *Cruz v. Calderon, et al.*, he alleges that PBSP correctional officers Calderon, Hamilton, Ford, Nelson and Cena ordered the May 27, 2022 attack.

date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

## CONCLUSION

For the reasons set forth above, the Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 10/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge