UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>VALDEZ, et al.,<br><br>Defendants. | Case No. 22-cv-04627-HSG<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL; DENYING AS MOOT REQUEST FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 2, 5 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on or about August 1, 2022. Dkt. No. 1; Dkt. No. 1-1. Plaintiff also requested leave to proceed *in forma pauperis*, Dkt. No. 2, and filed a pleading titled "Statement of Three-Strike Provision by Guillermo Trujillo Cruz," Dkt. No. 3, wherein he alleges that he meets the "imminent danger" exception to 28 U.S.C. § 1915's three-strikes provision. On October 31, 2022, the Court ordered Plaintiff to show cause why he should not be denied leave to proceed *in forma pauperis* pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Dkt. No. 4. Plaintiff filed his response with the Court on November 16, 2022. Dkt. No. 6. The Court has carefully considered the record and, for the reasons set forth below, DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and requires Plaintiff to pay the filing fee in full in order to proceed with this action. The Court DENIES as moot Plaintiff's request for an extension of time to respond to the Court's October 31, 2022's Order to Show Cause. Dkt. No. 5.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was

enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance. The phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have made moot his request for injunctive relief against alleged danger, but it does not affect Section 1915(g) analysis). The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*

**I.      Background**

On October 31, 2022, the Court ordered Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied, given that, in at least seven other cases,

2

Plaintiff had been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] and the complaint did not allege that Plaintiff was in imminent danger of serious physical injury. Dkt. No. 4 at 2-5. The Court found that Plaintiff's allegations that he was in imminent danger of serious physical injury at the time he filed the complaint were fanciful and speculative:

> Neither the allegations in the complaint or in Dkt. No. 3 support a plausible inference that Plaintiff faced imminent danger of serious physical injury from Defendants on August 1, 2022, the date Plaintiff provided the complaint to prison authorities for mailing, Dkt. No. 1-2 at 3. There is no plausible allegation that the threats by Defendants or other officers resulted in physical injury to Plaintiff, much less placed Plaintiff in imminent danger of physical harm on August 1, 2022. Plaintiff offers no evidence that Defendants caused the May 27, 2022 assault beyond his conclusory and vague statement of anonymous resources. Even if Defendants are linked to the assault, [FN 2] there are no allegations from which it can be reasonably inferred that another assault was imminent on August 1, 2022, two months after the May 2022 assault. Plaintiff's claims that Defendants were motivated by retaliation are also unsupported by the record. Only two of the grievances referenced were filed prior to the alleged threats in January 2022. Neither of these grievances referenced or involved Defendants, so it is unclear that Defendants knew of these grievances and that Defendants would seek to retaliate for these grievances.
>
> > FN 2: Plaintiff's allegation that Defendants ordered the May 27, 2022 attack is suspect. In his other recently-filed lawsuits, Plaintiff identifies different prison officials as responsible for this attack and always makes these allegations for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). In other words, Plaintiff appears to use the May 27, 2022 assault to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) by claiming that the defendant(s) named in the lawsuit ordered the assault, even though the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to the named defendant(s). For example, in C No. 22-0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27, 2022 attack; in C No. 22-cv-4898 HSG, *Cruz v. Simpson*, Plaintiff alleges that PBSP correctional officer Simpson ordered the May 27, 2022 attack; and in C No. 22-cv-5556 HSG, *Cruz v. Calderon*, et al., he alleges that PBSP correctional officers Calderon, Hamilton, Ford, Nelson and Cena ordered the May 27, 2022 attack.

---

[1] Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) in the following cases: *Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022). In these cases, the Court found that the following cases counted as strikes within the meaning of 28 U.S.C. § 1915(g): (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

Dkt. No. 4 at 5.

## II.    Imminent Danger Exception

Plaintiff has not disputed that he has three strikes within the meaning of 42 U.S.C. § 1915g.  *See* Dkt. No. 6.  He argues, however, that he was in imminent danger of serious physical injury at the time he filed the complaint because (1) defendants Valdez, Chapa and Declue threatened him daily with assault and battery from January 3-8, 2022, as retaliation for Plaintiff filed Grievance No. 208445 dated January 15, 2022; (2) on May 27, 2022, defendants Valdez, Chapa and Declue again threatened Plaintiff with assault and then, minutes later, Plaintiff was assaulted in between Cell No. 116 and Cell No. 117; (3) that same day, defendants Valdez, Chapa and Declue admitted to having Plaintiff assaulted; and (4) defendants Valdez, Chapa and Declue continue to threaten Plaintiff with the "same physical punishment in the near future" and most recently made this threat on October 31, 2022.  Dkt. No. 6.  Plaintiff also reports that on July 8, 2022, he was interviewed by prison officials from the Office of Internal Affairs regarding Grievance No. 208845, and that he informed these prison officials that Defendants continue to threaten him with physical punishment and that the May 27, 2022 assault was ordered by Defendants.  *Id*.

These are the same conclusory and suspect allegations that Plaintiff made in his complaint and in Dkt. No. 3.  Plaintiff has not addressed the Court's concerns about the plausibility of his claim that defendants Valdez, Chapa and Declue are responsible for the May 27, 2022 attack.  Outside of Plaintiff's unsupported and suspect claim that defendants Valdez, Chapa and Declue ordered the May 27, 2022 attack, Plaintiff's only support for his claim that he faced imminent danger of serious physical injury at the time he commenced this action is his allegation that Defendants regularly threaten him with assault "in the near future."  Assuming arguendo that this allegation is true, the record indicates that Defendants' verbal threats have not been accompanied by any action to cause serious physical injury to Plaintiff.

The Court has considered Plaintiff's litigation history and the allegations set forth in the complaint, Dkt. No. 3, and his response to the OSC.  The Court finds that it would be speculative to conclude from Plaintiff's allegations that he faced imminent danger of serious physical injury at

4

the time this action was filed. Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court DENIES Plaintiff leave to proceed *in forma pauperis*. *Andrews II*, 493 F.3d at 1055 (imminent danger exception applies if complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Dkt. No. 2. Plaintiff may proceed with this action only if he pays the $402 filing and administrative fee in full. Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this order. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to plaintiff re-filing upon payment of the full filing fee.

2. The Court DENIES as moot Plaintiff's request for an extension of time to file his response to the Court's October 31, 2022 Order to Show Cause. Dkt. No. 5. Plaintiff's response was timely filed at Dkt. No. 6.

This order terminates Dkt. Nos. 2, 5.

**IT IS SO ORDERED.**

Dated: 12/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge