UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORAIDA LARA,<br><br>        Petitioner,<br><br>    v.<br><br>JUSINO,<br><br>        Respondent. | Case No. 22-cv-04899-HSG<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at Federal Correctional Institution – Dublin, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of her sentence. Petitioner has paid the filing fee. Dkt. No. 7. The Court ORDERS Respondent to show cause why federal habeas relief should not be granted.

**DISCUSSION**

**A.    Standard of Review**

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Order to Show Cause**

Petitioner pled guilty to one count of distribution and possession with intent to distribute 100 grams or more of heroin and to one count of conspiracy to distribute 100 grams or more of heroin, 21 U.S.C. §§ 841(a)(1),(b)(1)(B), 846, in the Eastern District of Louisiana, and was sentenced to a term of 87 months. Dkt. No. 12 ("SAP") at 1-2. Petitioner alleges that she is a

1  deportable prisoner, and that she is being denied good-time credits available under the First Step
2  Act of 2018 because she is subject to deportation,[1] in violation of the Equal Protection Clause and
3  the Due Process Clause.  SAP at 6.  Liberally construed, the petition states cognizable claims for
4  federal habeas relief and merits an answer from Respondent.  *See Zichko v. Idaho*, 247 F.3d 1015,
5  1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus
6  liberally).

**C.      Request for Appointment of Counsel**

Petitioner requests appointment of counsel, arguing that this case raises issues of national significance which, if successful, will have a nationwide, retroactive effect; and that appointment of counsel would assist the Court in making a fair determination of the claims.  Dkt. No. 12 at 9.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345

---

[1] Petitioner states that although she is a lawful resident of the United States, not under an ICE detainer, or subject to a final deportation, pursuant to the policies of FCI-Dublin and ICE, she has been designated a "deportable prisoner."  Dkt. No. 12 at 9.

1  F.2d 778, 782 (9th Cir. 1965). Currently, the circumstances of this case do not indicate that

2  appointment of counsel is mandatory. The Court DENIES Petitioner's request for appointment of

3  counsel without prejudice to *sua sponte* appointing counsel should the circumstances so require.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically a copy of this order upon Respondent and Respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) michelle.lo@usdoj.gov; and (3) kathy.terry@usdoj.gov. The operative petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. The Court DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel should the circumstances so require.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on

Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

      6.     Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 2/21/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge